## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **CARY GAITHER,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION FILE NO.** |
| | : | **1:13-cv-03584-TWT-AJB** |
| **CAROLYN W. COLVIN,** | : | |
| ***Acting Social Security*** | : | |
| ***Commissioner***, | : | |
| | : | |
| **Defendant.** | : | |

## UNITED STATES MAGISTRATE JUDGE'S
## <u>FINAL REPORT AND RECOMMENDATION</u>

This matter is currently before the Court on Plaintiff's unopposed motion to dismiss his complaint.   [Doc. 10].   For the reasons below, the undersigned **RECOMMENDS** that the motion to dismiss be **GRANTED**.

On October 30, 2013, Plaintiff filed an application to proceed *in forma pauperis* ("IFP"). [Doc. 1].  The application was granted on November 12, 2013.  [Doc. 2].  The Commissioner answered Plaintiff's complaint and filed the transcript on August 27, 2014, [Docs. 6-7], and on the same day, the Court issued an order directing the briefing schedule and setting a hearing, [Doc. 8].

On September 10, 2014, Plaintiff filed the instant motion to dismiss, [Doc. 10]. The motion states as follows:

After careful review of the evidence in this case, the Plaintiff and the undersigned attorney agree to dismiss the complaint against the Commissioner of Social Security with prejudice.

The undersigned attorney has contacted opposing council, Darcy Coty, Esq., and she has advised she is not opposed to the Motion to Dismiss.

[Doc. 10 at 1].

Rule 41(a) of the Federal Rules of Civil Procedure governs voluntary dismissals of cases.   This Rule provides in relevant part:

> (2) By Court Order; Effect.   Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . .   Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2).   A district court "enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (citation omitted).   The court must "weigh the relevant equities and do justice between the parties in each case." *Id.* at 1255-56.   The Eleventh Circuit has indicated that while "in most cases a voluntary dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit . . . the court should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants." *Fisher v. P.R. Fla. E. Coast Ry. Co.*, 940 F.2d 1502, 1503 (11th Cir. 1991)

AO 72A
(Rev.8/8
2)

(citing *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)); *see also McCants v. Ford Motor Co.*, 781 F.2d 855, 856 (11th Cir. 1986) ("A district court considering a motion for dismissal without prejudice should bear in mind principally the interests of the defendant, for it is the defendant's position that the court should protect.").

Here, Plaintiff requests that the case be dismissed with prejudice, and Defendant's counsel has indicated that the Commissioner does not oppose such a dismissal. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's motion to dismiss, [Doc. 10], be **GRANTED** such that the case be **DISMISSED WITH PREJUDICE**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this the 12th day of September, 2014.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/8
2)

3